1   **ROBERT B. JAVAN  -  148806**
    **KATCHIS, HARRIS & YEMPUKU**
2   **2180 Harvard Street, Suite 460**
    **Sacramento, CA 95815**
3   **Telephone:  916-649-8333**
    **Facsimile:  916-649-1027**
4
    Attorneys for Defendant,
5   FISKARS BRANDS, INC.

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ZELJKO SABO, an individual,          CASE NO.

12       Plaintiff,                      **NOTICE OF REMOVAL OF ACTION TO**
                                         **FEDERAL COURT**
13  v.                                   **(DIVERSITY JURISDICTION)**

14
    FISKARS BRANDS, INC., dba GERBER
15  LEGENDARY BLADES, and DOES 1
    through 50, inclusive,
16
         Defendants.
17

18       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19       Defendant FISKARS BRANDS, INC. ("FISKARS") hereby files this Notice of

20  Removal of the above-entitled action to the United States District Court for the Eastern

21  District of California, from the Superior Court of the State of California, for the County of

22  Sacramento, where the action is now pending as provided for by Title 28, U.S. Code, Chapter

23  89, and states:

24       **I.       JURISDICTION**

25       1.      The U.S. District Court has original jurisdiction over this matter pursuant to 28

26  U.S.C. § 1332(a)(1). This case may be removed pursuant to 28 U.S.C. §§1441(a) and 1446(a),

27  because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of

28  ////

                                      1
                 **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**
                          **(DIVERSITY JURISDICTION)**

interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

**II.     INTRADISTRICT**

2.     Venue in the Sacramento division is proper because the action is pending in the Superior Court of California, Sacramento County.  28 U.S.C. §1446(a).

**III.     REMOVAL IS PROPER**

3.     This action is a civil action for products liability and negligence and the United States District Court for the Northern District of California has jurisdiction by reason of the diversity of citizenship of the parties and the amount in controversy meets the threshold requirement for such jurisdiction.

4.     At all times relevant to this Notice and on July 1, 2011, when the action was commenced in the Superior Court of the State of California, Defendant FISKARS was, and now is, a corporation organized, formed and incorporated in and under the laws of the State of Wisconsin. Pursuant to *Hertz Corp. v. Friend* 130 S.Ct. 1181 (U.S., 2010), Defendant FISKARS' principal place of business, and its headquarters, is in Madison, Wisconsin. Therefore, Defendant FISKARS is a citizen of Wisconsin. (28 U.S.C. §1332(c)(1).)  (See, Declaration of Kevin M. Keegan).

5.     At all times relevant to this Notice and on July 1, 2011, when the action was commenced in the Superior Court of the State of California, Plaintiff ZELJKO SABO ("SABO") was a resident of California. (28 U.S.C. §1332(c)(1).) (Complaint at p. 1:22-23.)

6.     There are no named parties in this matter other than Plaintiff SABO and Defendant FISKARS and DOES 1-50, inclusive. The citizenship of the fictitiously named defendants is irrelevant for removal purposes. (See 28 U.S.C. § 1441 (a).)

7.     This Court has jurisdiction over this action, pursuant to 28 U.S.C. §§ 1332, because it is a civil action in which complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum of $75,000.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
(DIVERSITY JURISDICTION)**

8.      There is complete diversity of citizenship as Plaintiff is a resident of California, while Defendant is a resident of Wisconsin.

9.      In its Complaint, Plaintiff prays for damages "according to proof". In personal injury actions, California mandates that plaintiff's demand "shall not be stated". California Code of Civil Procedure §425.10(b).  In a case in which the demand is unspecified, the court may look to the petition for removal *or* make and independent appraisal of the claim.  *Corwin Jeep Sales & Service, Inc. v. American Motors Sales,* 670 F.Supp 591, 596 (M.D.Pa. 1986). Where the state jurisdiction does not require a specific damage amount, the determination of whether the amount in controversy meets the minimal threshold is by a preponderance of evidence (more likely than not).  *Gafford v. General Electric Company,* 997 F.2d 150, 158 (6th Cir. 1993).

Here are Plaintiff's allegation in the Complaint that go to the amount-in-controversy determination:

a.  "Prior to September 2, 2009, Sabo had no left eye dryness, blurriness, infection, itching, foreign body sensation, or other left anterior eye problems, and he did not suffer from left dry eye syndrome or infections." (Complaint at pp. 3:26-4:1.)

b.  "On September 12, 2009, Sabo was working in Rathdrum, Idaho.  The subject Gerber RX700 flashlight, which contained the subject Gerber CR 123A lithium batteries, was in Sabo's front pants pocket.  Sabo was hunched over at the waist with the flashlight in the 'off' position in his front pants pocket when the flashlight spontaneously combusted and exploded with a loud bag (sic).  The bang sounded like a gun shot, such that Sabo thought he had been shot.  Tiny glass shards flew through the air.  White or silver colored and chemical-smelling fumes and smoke rose from the flashlight and around Sabo's face.  He clutched his left

3
**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**
**(DIVERSITY JURISDICTION)**

eye feeling an acid-like burning sensation.  He flushed his face with water.  He suffered a burn on his left leg." (Complaint at pp. 4:4-11.)

  c. "After the exploding Gerber flashlight incident on September 12, 2009, Sabo experienced irritation, dryness and foreign body sensation in the left eye.  The burn on Sabo's leg expanded approximately three inches in diameter, causing epidural peeling.  Sabo went to the hospital and was treated for his leg burn and eye irritation." (Complaint at pp. 4:12-15.)

  d. "Sabo continued to suffer from left eye irritation, dryness and foreign body sensation.  On a subsequent doctor's visits, punctal plugs were inserted in Sabo's left eye, eye drops were prescribed for lubrication, and antibiotics were prescribed for recurring infections." (Complaint at pp. 4:16-18.)

  e. "Sabo has left dry eye syndrome and recurring infections as a direct and proximate result of the exploding Gerber flashlight incident on September 12, 2009, and is subject to and suffers from recurring infections as a result of the incident." (Complaint at pp. 4:19-21.)

  f. Sabo is not able to engage in his ordinary profession as a craftsman in carpentry, metal work, welding and other work as a direct and proximate result of the exploding flashlight on September 12, 2009." (Complaint at pp. 4:22-24.)

The allegations in the Complaint, specifically, related to the injury to the left eye and the claim that Mr. Sabo is unable to engage in his 'ordinary profession' establishes, by a preponderance of the evidence, that the claim is in excess of the threshold for this court's diversity jurisdiction.

10. Defendant FISKARS was served on July 14, 2011.  See, Plaintiff's Proof of Service.

11. Copies of all process, pleadings and orders served upon Defendant FISKARS are filed with this notice.

////

4

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**
**(DIVERSITY JURISDICTION)**

12.    Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

13.    A copy of this notice will be filed with the Clerk of the Superior Court, In and For the County of Sacramento, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants requests that this action proceed in this Court as an action properly removed to it.

Dated: August 8, 2011                          **KATCHIS, HARRIS & YEMPUKU**


                                        By /S/ Robert B. Javan, Esq.
                                        **ROBERT B. JAVAN, ESQ.**
                                        Attorneys for Defendant, FISKARS
                                        BRANDS, INC.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
(DIVERSITY JURISDICTION)**

**PROOF OF SERVICE**

I declare that:

I am employed in the County of Sacramento, California.  I am over the age of eighteen years and not a party to the within cause; my business address is 2180 Harvard Street, Suite 460, Sacramento, CA 95815.

On August 8, 2011, I served the **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**, in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Attorneys for Plaintiff, Zeljko Sabo**
Paul Marron, Esq.
Ronal A. Chavez, Esq.
Victoria L. Wood, Esq.
MARRON LAWYERS
320 Golden Shore, Suite 410
Long Beach, CA 90802
T: (562) 432-7422; F: (562) 432-8682

/ **XX** /  BY MAIL - I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Sacramento, California, following ordinary business practices.  I am familiar with the practice of Katchis, Harris & Yempuku for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/    /  BY CM/ECF – Pursuant to the United States District Court Procedural Rules for Electronic Case Filing and the Case Management/Electronic Case Filing Rules, I electronically served the above-listed documents on the parties shown above for the above-entitled case, as listed above.

/    /  BY PERSONAL SERVICE - I caused each such envelope to be delivered by hand to the addressee(s) noted above.

/    /  BY OVERNIGHT DELIVERY - I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses noted above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

/    /  BY FACSIMILE - I caused the said document to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on August 8, 2011, at Sacramento, California.

_____
Veronica R. Geyer