UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ZELJKO SABO,

                    Plaintiff,

     v.

FISKARS BRAND, INC, dba GERBER
LEGENDARY BLADES, et al.,

                  Defendants.

Case No. 2:12-cv-00503-EJL-CWD

**ORDER**

On July 24, 2013, following a hearing on the matter, United States Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. (Dkt. 46.) The Report and Recommendation sets forth the underlying factual and procedural history of the case and recommends that the Defendant's Motion to Apply Idaho Law to this product liability action be granted. (Dkt. 46.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties and the time for doing so has passed. The Plaintiff has recently filed a Motion for Leave to File First Amended Complaint. (Dkt. 47.) The Court finds as follows.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

# DISCUSSION

## 1.      Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, no objections were filed so the Court is not required to conduct a *de novo* determination of the Report and Recommendation. The Court has, however, reviewed the Report and Recommendation as well as the record in this matter and finds no clear error on the face of the record. The Magistrate Judge properly set forth the law applicable to the Motion to Dismiss and has appropriately applied the law to the facts and circumstances of this case. For the same reasons articulated by the Magistrate Judge, this Court too finds that the claims raised in the Complaint necessarily must be based on Idaho law. In sum, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Accordingly, the Court will adopt the Report and Recommendation and will grant the Defendant's Motion to Apply Idaho Law as stated therein.

**2.      Motion for Leave to File First Amended Complaint**

Following the issuance of the Report and Recommendation, Plaintiff filed a Motion for Leave to File First Amended Complaint. In that Motion, Plaintiff acknowledges the Report and Recommendation and states that he does not contest the same. (Dkt. 47 at 2.) Instead, Plaintiff seeks to file an amended complaint that, he claims, "adds no new allegations, nor does it materially change any of Plaintiff's causes of

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

actions." (Dkt. 47 at 2-3.) The Motion is made pursuant to Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit Court of Appeals recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and, therefore, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

The decision whether to grant or deny a motion to amend pursuant to Rule 15(a) rests in the sole discretion of the trial court. The four factors that are commonly used to determine the propriety of a motion for leave to amend are: 1) undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n. 5 (9th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "[t]hese factors . . . are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *Webb*, 655 F.2d at 979 ("The mere fact

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**

that an amendment is offered late in the case is . . . not enough to bar it."); *Bowles v. Beade*, 198 F.3d 752, 758 (9th Cir. 1999). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Webb*, 655 F.2d at 980 (citation omitted). The Ninth Circuit has held that although all these factors are relevant to consider when ruling on a motion for leave to amend, the "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). Indeed, prejudice is the touchstone of the inquiry under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Ultimately, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190.

The Court finds the Motion for Leave to File a First Amended Complaint in this action is well taken. The case is still in its some what early stages. The claims in the First Amended Complaint are the same as those raised in the Complaint; the new amendment only reflects that Idaho is the venue for this action and that Idaho law applies. In light of its Motion to Apply Idaho Law, the Court finds the named Defendant is aware of the claims and law relating to those claims. (Dkt. 37.) Further, the Motion to Amend will not unduly delay this litigation or prejudice the Defendant as the claims raised are the same. Accordingly, the Court will grant the Motion to Amend. Plaintiff shall file its Amended Complaint on or before November 1, 2013 and serve the same as directed by the rules.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 5**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1.  The Report and Recommendation (Dkt. 46) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety. The Defendant's Motion to Apply Idaho Law (Dkt. 37) is **GRANTED**.

2.  The Motion for Leave to File First Amended Complaint (Dkt. 47) is **GRANTED**. Plaintiff shall file his First Amended Complaint on or before **November 1, 2013** and serve the same as directed by the rules.

DATED:  **October 28, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION - 6**