Paul Marron, Esq., Pro Hac Vice
Mark J. Polland, Esq., Pro Hac Vice
MARRON LAWYERS
320 Golden Shore
Suite 410
Long Beach, CA 90802
Telephone: (562) 432-7422
Facsimile:  (562) 432-8682
pmarron@marronlaw.com
mpolland@marronlaw.com

Dave Partovi, Esq., ISB No. 7925
PARTOVI LAW
900 N. Maple, LL
Spokane, WA 99201
Tel.: (509) 270-2141
Tel.: (208) 215-0565
Fax: (509) 326-6102
davepartovi@gmail.com

Attorneys for Plaintiff Zeljko Sabo

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZELJKO SABO, an individual<br><br>    Plaintiff,<br><br>   vs.<br><br>FISKARS BRANDS, INC., dba GERBER LEGENDARY BLADES, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 2:12-cv-00503-EJL-CWD<br><br>[Unlimited Civil Case]<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **STRICT PRODUCTS LIABILITY**<br>2. **NEGLIGENCE** |

///

///

**FIRST AMENDED COMPLAINT - 1**
033301/2009-2020

Plaintiff Zeljko Sabo hereby alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Zeljko Sabo ("Sabo") is, and at all relevant times herein mentioned was, an individual and a resident of Los Angeles County, California.

2. At all relevant times herein mentioned, Defendant Fiskars Brands, Inc. ("Fiskars"), is and was a corporation registered and qualified to conduct business in the State of Idaho.

3. At all times mentioned herein, Defendant Fiskars is and was doing business as Gerber Legendary Blades ("Gerber"), and registered and qualified to conduct business in Idaho.

4. Sabo is ignorant of the true names and a capacity of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Sabo will amend this Complaint to allege their true names and capacities when ascertained.

5. Each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and is responsible for Sabo's injuries, losses and damages as herein set forth which were proximately caused by the acts and conduct of such fictitiously named Defendants.

6. References hereinafter made to a specifically named Defendant shall be deemed to refer to and include the fictitiously named Defendants sued herein as DOES 1 through 50, inclusive, unless otherwise indicated.

7. At all times herein mentioned, each of the Defendants was acting in an individual, corporate, partnership, associate, parent-subsidiary, successor-predecessor, licensor-licensee or other capacity, or as the officer, agent, servant, employee, contractor, licensor, licensee, joint venturer, co-conspirator, or alter ego of each of the remaining Defendants, and in doing the acts herein alleged, was acting within the course and scope of its authority as such parent, successor, partner, associate, contract, license, agent, servant, employee, joint venturer, co-conspirator, or

alter ego, and with the permission, consent, knowledge, authorization, ratification and direction of each of the other Defendants.

8. At all relevant times mentioned herein Fiskars and Gerber were engaged in the business of designing, inspecting, testing, manufacturing assembling, formulating, selling, marketing, licensing, distributing, branding, importing and placing into the stream of commerce consumer products in California for purchase by consumers, including Gerber RX700 flashlights and Gerber CR123A lithium batteries.

9. At all relevant times mentioned herein, Defendants DOES 1 through 25 were Chinese individuals, corporate entities, partnerships, or companies engaged in the business of designing, inspecting, testing, manufacturing assembling, formulating, selling, marketing, licensing, distributing, exporting and placing into the stream of commerce consumer products in California for purchase by consumers, including Gerber RX700 flashlights and Gerber CR123A lithium batteries made in China.

## GENERAL ALLEGATIONS

10. Defendants, and each of them, designed, inspected, tested, manufactured, assembled,
formulated, licensed, exported, imported, sold, marketed, distributed and placed into the stream of commerce Gerber RX700 flashlights and Gerber CR123A lithium batteries made in China.

11. Prior to September 2, 2009, Sabo had no left eye dryness, blurriness, infection, itching, foreign body sensation, or other left anterior eye problems, and he did not suffer from left dry eye syndrome or infections.

12. The subject Gerber RX700 flashlight and Gerber's CR123A lithium batteries were purchased in a sealed package on or about September 2, 2009, and given to Sabo.

**FIRST AMENDED COMPLAINT - 3**
033301/2009-2020

13. On September 12, 2009, Sabo was working in Rathdrum, Idaho. The subject Gerber RX700 flashlight, which contained the subject Gerber CR123A lithium batteries, was in Sabo's front pants pocket. Sabo was hunched over at the waist with the flashlight in the "off" position in his front pants pocket when the flashlight spontaneously combusted and exploded with a loud bag. The bang sounded like a gun shot, such that Sabo thought he had been shot. Tiny glass shards flew through the air. White or silver colored and chemical-smelling fumes and smoke rose from the flashlight and around Sabo's face. He clutched his left eye feeling an acid-like burning sensation. He flushed his face with water. He suffered a burn on his left leg.

14. After the exploding Gerber flashlight incident on September 12, 2009, Sabo experienced irritation, dryness and foreign body sensation in the left eye. The burn on Sabo's leg expanded approximately three inches in diameter, causing epidural peeling. Sabo went to the hospital and was treated for his leg burn and eye irritation.

15. Sabo continued to suffer from left eye irritation, dryness and foreign body sensation. On a subsequent doctor's visits, punctal plugs were inserted in Sabo's left eye, eye drops were prescribed for lubrication, and antibiotics were prescribed for recurring infections.

16. Sabo has left dry eye syndrome and recurring infections as a direct and proximate result of the exploding Gerber flashlight incident on September 12, 2009, and is subject to and suffers from recurring infections as a result of the incident.

17. Sabo is not able to engage in his ordinary profession as a craftsman in carpentry, metal work, welding and other work as a direct and proximate result of the exploding flashlight incident on September 12, 2009.

///

**FIRST AMENDED COMPLAINT - 4**
033301/2009-2020

FIRST CAUSE OF ACTION

(Strict Products Liability – Manufacturing / Design Defect)

18. Sabo realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 of the Complaint as though set forth in full.

19. Fiskars, Gerber, Defendants DOES 1 through 25 and DOES 26 through 50, and each of them, were and are engaged in the business of designing, manufacturing, inspecting, testing, assembling, formulating, licensing, selling, marketing, exporting, importing, distributing and placing into the stream of commerce the subject Gerber RX700 flashlight and Gerber CR123A lithium batteries made in China.

20. Fiskars, Gerber, DOES 1 through 25 and DOES 26 through 50, and each of them, designed, manufactured, tested, inspected, formulated, assembled, licensed, sold, marketed, exported, imported, distributed and placed into the stream of commerce the subject Gerber RX700 flashlight and Gerber CR123A lithium batteries knowing that the products would be sold to the public, purchased and used without inspection for defects.

21. The subject Gerber RX700 flashlight and Gerber CR123A lithium batteries were defective in design, manufacture and formulation and unreasonably dangerous when they left the hands of Defendants, and each of them, and they reached Sabo in substantially the same condition as when they left Defendants' possession.

22. The subject Gerber RX700 flashlight and Gerber CR123A lithium batteries were unreasonably and dangerously defective beyond the extent contemplated by Sabo and ordinary consumers and failed to perform as an ordinary consumer would expert by exploding on September 12, 2009.

///

**FIRST AMENDED COMPLAINT - 5**
033301/2009-2020

23. Sabo was using the Gerber RX700 flashlight and Gerber CR123A lithium batteries in the manner intended by Defendants, and each of them, at the time the product exploded and at the time of his injuries herein alleged on September 12, 2009.

24. An ordinary consumer would not expect the Gerber flashlight and Gerber batteries to explode during the course of ordinary use in the manner intended by Defendants, and each of them.

25. As a direct and proximate result of the design or manufacturing defects in the Gerber flashlight and Gerber batteries, Sabo sustained injuries to his left eye, including dry eye syndrome and recurrent infections, and left leg burn, and which have caused Sabo great mental and physical pain and suffering and which will continue to cause pain, discomfort, and physical disability.

26. As a further direct and proximate result of the design or manufacturing defects in the Gerber flashlight and Gerber batteries, Sabo has been required to expend money and to incur obligations for medical services, prescriptions and medications reasonably required in the treatment and relief of the injuries herein alleged.

27. As a further direct and proximate result of the design or manufacturing defects in the Gerber flashlight and Gerber batteries, Sabo has sustained loss of income and earnings, and will continue to lose income and earnings in the future.

SECOND CAUSE OF ACTION

(Strict Products Liability – Inadequate Warning / Failure to Warn)

28. Sabo realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29 of the Complaint as though set forth in full.

///

**FIRST AMENDED COMPLAINT - 6**
033301/2009-2020

29. Fiskars, Gerber, DOES 1 through 25 and DOES 26 through 50, and each of them, designed, manufactured, inspected, tested, formulated, assembled, licensed, marketed, exported, imported, sold, distributed and placed into the stream of commerce the subject Gerber RX700 flashlight and Gerber CR123A lithium batteries knowing that the products would be sold to the public and purchased and used without inspection for defects.

30. Fiskars, Gerber, DOES 1 through 25 and DOES 26 through 50, and each of them, were aware or should have been aware of the risk of explosion and bodily injury posed by the subject Gerber RX700 flashlight and Gerber CR123A lithium batteries.

31. The potential risk of the subject products exploding presented a substantial danger to users of the subject products.

32. Although Defendants, and each of them, were aware that the danger posed by the subject Gerber RX700 flashlight and Gerber CR123A lithium batteries, they failed to give adequate warning of the danger.

33. As a direct and proximate result of failure of Defendants, and each of them, to provide adequate warning of the danger posed by the subject products, Sabo sustained injuries to his left eye, including dry eye syndrome and recurrent infections, and left leg burn, and which have caused and continue to cause Sabo great mental and physical pain and suffering and which will continue to cause pain, discomfort, and physical disability.

34. As a further direct and proximate result of the failure of Defendants, and each of them, to provide adequate warning of the danger posed by the subject products, Sabo has been required to expend money and to incur obligations for medical services, prescriptions and medications reasonably required in the treatment and relief of the injuries herein alleged.

///

**FIRST AMENDED COMPLAINT - 7**
033301/2009-2020

35.     As a further direct and proximate result of the failure of Defendants, and each of them, to provide adequate warning of the danger posed by the subject products, Sabo has sustained loss of income and earnings, and will continue to lose income and earnings in the future, evidence of which will be presented at the time of trial.

THIRD CAUSE OF ACTION

(Negligence – Design / Manufacture)

36.     Sabo realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37 of the Complaint as though set forth in full.

37.     Fiskars, Gerber, DOES 1 through 25 and DOES 26 through 50, and each of them, designed, manufactured, inspected, tested, assembled, formulated, licensed, marketed, sold, imported, exported, distributed and placed into the stream of commerce the subject Gerber RX700 flashlight and Gerber CR123A lithium batteries knowing that the products would be sold to the public and purchased and used without inspection for defects.

38.     Fiskars, Gerber, DOES 1 through 25 and DOES 26 through 50, and each of them, breached the duty they owed Sabo by negligently designing or manufacturing the subject products that were susceptible to exploding during ordinary use in the manner intended by Defendants.

39.     As a direct and proximate result of Defendants' negligent design or manufacture of the Gerber flashlight and batteries, Sabo sustained injuries to his left eye, including dry eye syndrome and recurring infections, and left leg burn, and which have caused and continue to cause Sabo great mental and physical pain and suffering and which will continue to cause pain, discomfort, and physical disability.

///

**FIRST AMENDED COMPLAINT - 8**
033301/2009-2020

40. As a further direct and proximate result of Defendants' negligent design or manufacture of the Gerber flashlight and batteries, Sabo has been required to expend money and to incur obligations for medical services, prescriptions and medications reasonably required in the treatment and relief of the injuries herein alleged.

41. As a further direct and proximate result of Defendants' negligent design or manufacture of the Gerber flashlight and batteries, Sabo has sustained loss of income and earnings, and will continue to lose income and earnings in the future, evidence of which will be presented at the time of trial.

## FOURTH CAUSE OF ACTION

(Negligence – Inadequate Warning / Failure to Warn)

42. Sabo realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 43 of the Complaint as though set forth in full.

43. Fiskars, Gerber, DOES 1 through 25 and DOES 26 through 50, and each of them, designed, manufactured, assembled, formulated, marketed, licensed, exported, imported, sold, distributed and placed into the stream of commerce the subject Gerber RX700 flashlight and Gerber CR123A lithium batteries knowing that they would be sold to the public and purchased and used without inspection for defects.

44. Fiskars, Gerber, DOES 1 through 25 and DOES 26 through 50, and each of them, breached the duty they owed Sabo by negligently failing to warn and/or providing inadequate warning of the substantial risk that the subject products would explode during ordinary use in the manner intended by Defendants.

45. As a direct and proximate result of Defendants' negligent failure to warn or inadequate warning of the risks posed by the Gerber flashlight and batteries, Sabo sustained

injuries to his left eye, including dry eye syndrome and recurrent infections, and left leg burn, and which have caused and continue to cause Sabo great mental and physical pain and suffering and which will continue to cause pain, discomfort, and physical disability.

46. As a further direct and proximate result of Defendants' negligent failure to warn and/or inadequate warning of the risks posed by the Gerber flashlight and batteries, Sabo has been required to expend money and to incur obligations for medical services, prescriptions and medications reasonably required in the treatment and relief of the injuries herein alleged.

47. As a further direct and proximate result of Defendants' negligent failure to warn and/or inadequate warning of the risks posed by the Gerber flashlight and batteries, Sabo has sustained loss of income and earnings, and will continue to lose income and earnings in the future, evidence of which will be presented at the time of trial.

///

///

///

**Wherefore**, Sabo prays for judgment against Defendants Fiskars, Gerber, DOES 1 through 25 and DOES 26 through 50, and each of them, on all causes of action as follows:

1. For general damages, according to proof;

2. For medical, hospital and incidental expenses past, present and future, according to proof;

3. For loss of earnings and income, past, present and future, according to proof;

4. For loss of personal property, according to proof;

5. For costs of suit herein;

6. For interest according to law; and,

7. For such other and further relief as the Court may deem just and proper.


DATED:  October 28, 2013          MARRON LAWYERS

                                          By: /s/ Mark J. Polland
                                             Paul Marron, Esq.
                                             Mark J. Polland, Esq.
                                             Attorneys for Plaintiff Zelijko Sabo

**FIRST AMENDED COMPLAINT - 11**
033301/2009-2020