UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZELJKO SABO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>FISKARS BRANDS, INC., dba GERBER LEGENDARY BLADES, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:12-cv-00503-EJL-CWD<br><br>**ORDER** |

**INTRODUCTION**

Presently before the Court is Defendant Fiskars Brands, Inc.'s Motion to Compel a medical exam of Plaintiff, Zeljko Sabo, filed November 22, 2013. (Dkt. 53.) The Court conducted a telephonic status conference with the parties on November 27, 2013, in an effort to facilitate resolution. The parties reached agreement on some, but not all, of the issues presented in the motion. The Court specifically requested briefing on the location of the medical exam, and production of the pharmacy records requested by Fiskars in discovery.

Important to the resolution of the instant dispute are the following deadlines:

**ORDER - 1**

Discovery completion deadline: August 30, 2013;

All expert witness discovery completed by February 28, 2014;[1] and

Dispositive motions filed by February 3, 2014.[2]

On November 6, 2013, Fiskars requested that Sabo submit to a medical exam and a vocational rehabilitation examination and assessment with Fiskars' chosen experts. Fiskars offered to pay for Sabo's travel expenses to Boise and Salt Lake City, Utah, where its experts are located. On November 18, 2013, Sabo indicated he would comply, but requested that the examinations take place either in North Idaho or Spokane prior to December 6, 2013, or after that date, in Los Angeles, California. Sabo refused to travel to where Fiskars' experts are located. An impasse was reached.

Although the Court specifically requested condensed briefing on two discrete issues, the Court waded through over 200 pages of material, including letters of which Santa Claus would not approve during this holiday season. Discovery is not a sport, and the Court does not encourage tit-for-tat discovery concessions.[3]

Now, after agreeing to the medical exams, Sabo objects to them as untimely, citing the August 30, 2013 discovery cut-off date. However, the parties appeared to be working together to resolve outstanding discovery issues, and Fiskars represented that it wanted to review Sabo's expert witness disclosures before having Sabo examined by its experts as

---

[1] The Minutes (Dkt. 55) reflect that Defendants' rebuttal expert witness disclosures are due on or before February 16, 2014. If there is an error in the deadlines for expert discovery, the parties may bring the matter to the Court's attention by an appropriate motion or stipulation.

[2] The parties did not discuss altering this deadline with the Court even though it falls before the expert witness discovery completion deadline.

[3] Apparently, this motion is now part of a larger discovery dispute. Sabo recently filed a motion to compel regarding upcoming depositions requiring cancellation of the deposition until the Court can resolve Fiskars' demand that the scope of questioning be limited. The Court was notified also during a telephonic status conference with Chambers staff on December 17, 2013, of Sabo's return refusal to make its expert in Florida available for deposition.

**ORDER - 2**

part of its rebuttal expert reports. Fiskars' timing appears reasonable. The parties agreed to extend their expert discovery disclosures until *after* the discovery cut off, and waited until this late date to schedule depositions. They both are now suffering the consequences of scheduling difficulties.

Second, Sabo contends the medical examinations should have occurred in the forum where the action is pending, which is the Northern Division of the District of Idaho. Now that Sabo has moved to California, he contends that the burden of traveling due to his eye condition constitutes good cause to order the medical examinations to occur in Los Angeles. Fiskars contends that the burden upon it---to transport its three medical experts to California to unfamiliar offices---is greater than the burden on Sabo, especially considering it offered to pay for Sabo's travel expenses.

Federal Rule of Civil Procedure 26(c) provides that a court may, for good cause, issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including specifying terms including time and place for discovery. Rule 35 permits the Court to specify the time, place, manner, conditions, and scope of a medical examination. Fed. R. Civ. P. 35(a)(2)(B).

The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for an examination in that forum. *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 399-400 (S.D. Tex. 2013). Although Sabo did not choose Idaho as the forum state, and there were several rounds of motions initiated by Fiskars to transfer the case to the District of Idaho, the District of Idaho is now the forum. The doctor's presence at trial is more likely if the doctor is chosen within the jurisdiction of the Court. *McCloskey v.*

**ORDER - 3**

*United Parcel Serv. Gen. Servs. Co.*, 171 F.R.D. 268, 270 (D. Or. 1997). Fiskars' offer to pay for Sabo's travel is an appropriate concession given Sabo did not initially choose Idaho as the forum for this lawsuit, and he was planning to return to California at the time this issue arose. *See McCloskey*, 171 F.R.D. at 270 ("The general rule is that the party being examined must pay his or her own travel expenses to an examination in the forum state.").

In the instant case, Idaho has but one district---the district of Idaho is further divided into four divisions. Dist. Idaho L. Rule 3.1. Because travel within Idaho is difficult, and also because of its small population, Boise often is a more convenient travel destination and has a greater pool of experts to choose from. Therefore, the Court finds Sabo's argument that the examinations should have been, or should be in the future, conducted in North Idaho, to be unavailing due to the practical realities of travel to and within Idaho, and that the entire state is considered one district.

Second, although Sabo indicated in his affidavit that travel exacerbates his eye condition, he was able to travel recently to China "out of necessity." China is currently considered one of the most polluted countries on Earth,[4] and a report earlier this year in the New York Times indicated "outdoor air pollution contributed to 1.2 million premature deaths in China in 2010, nearly 40 percent of the global total."[5] Yet, Sabo has

---

[4] Top 10 Polluting Countries, ACTION FOR OUR PLANET, http://www.actionforourplanet.com  (Attached as Appendix 1 and last visited 12/20/2013); David Biello, *The World's 10 Most Polluted Places,* SCIENTIFIC AMERICAN, November 5, 2013, http://www.scientificamerican.com/article.cfm?id=10-most-polluted-places-in-the-world (Attached as Appendix 2 and last visited 12/20/2013).

[5] Edward Wong, *Air Pollution Linked to 1.2 Million Premature Deaths in China*, N.Y. TIMES, at Asia Pacific, April 1, 2013 (accessed  at http://www.nytimes.com/2013/04/02/world/asia/air-pollution-linked-to-1-2-million-deaths-in-china.html) (attached as Appendix 3 and last visited 12/20/2013).

**ORDER - 4**

been advised by his doctors to avoid fumes, heat, wind and odors. Sabo chose to file this lawsuit against Fiskars, and he will have to travel to North Idaho for trial, which can be arduous from Los Angeles.

Sabo has therefore not met his burden, and the Court finds good cause to order Sabo to travel to Boise for the medical examinations. The Court does not, however, find good cause to order Sabo to travel also to Salt Lake City, where one of Fiskars' experts practices. Fiskars chose to hire an expert located outside of the District of Idaho, and Fiskars can bear the expense of having its expert travel to Boise to conduct the examination.

The second issue involves Fiskars' request for Sabo's medical records. Fiskars asked for a medical release on November 13, 2013, authorizing Medicine Man Pharmacy to release medical information regarding Sabo. Fiskars claims that Sabo has refused to provide a "blanket" medical release, forcing it to ask for individual medical releases as it discovers new medical providers mentioned in the documents received during discovery. Sabo previously produced medical and pharmacy records in discovery. Sabo agreed to produce "additional medical billings that are relevant" in response to a request for "total medical expenses" Sabo claims to have incurred. On October 28, 2013, Sabo indicated he had produced all documents within his custody or control responsive to a request for pharmacy records. Now, in response to this request, Sabo does not deny he purchased eye drops at Medicine Man, but represents it was a de minimus purchase.[6] Nevertheless,

---

[6] Sabo does not state whether the eye drops were prescribed or purchased over the counter.

**ORDER - 5**

because the purchase was for treatment of his eye condition, the Court views it as relevant.

Sabo is under an obligation to supplement his disclosures and responses to discovery on a continuing basis. Fed. R. Civ. P. 26(e). If Sabo intends to introduce his medical expenses as a component of damages at trial, he is under an obligation to produce the information, or timely disclose to Fiskars the names of the providers so that Fiskars can obtain the necessary information from third party providers directly. However, the Court cannot discern from the submissions who is culpable here. On the one hand, Sabo argues that Medicine Man pharmacy was disclosed in the documents he produced, and the informal request comes after the discovery cut-off date of August 30, 2013. On the other hand, Fiskars contends it just learned of this pharmacy provider after reviewing 4,500 pages of documents, and all of Sabo's medical care providers were not specifically identified in written responses to discovery such that Fiskars was able to discover the provider name sooner.[7]

Considering the relevancy of the documents, and because Sabo appears to shirk his duty to supplement and instead wants Fiskars to wade through documents to figure out his medical expenses, a component of damages, the Court will grant the request. Sabo is required to provide a release for pharmacy records from Medicine Man, or obtain the records himself and produce them to Fiskars. If Sabo introduces medical records either in support of any dispositive motion or at trial that it did not timely disclose, either initially

---

[7] This number was disclosed by Sabo. Brief at 3, (Dkt. 56.)

**ORDER - 6**

or as part of his duty to supplement, those records may be subject to exclusion from evidence by the Court. Fed. R. Civ. P. 37(c).

Finally, Fiskars notified the Court in its reply brief that Sabo has not yet produced additional financial records that he agreed to produce during the Court's status conference on November 27, 2013. Sabo filed an objection to the Court's consideration of this news in Fiskars' reply brief. The Court takes Sabo at his word that those records will be produced in a timely fashion. Further delay will not be looked upon kindly by the Court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) Defendant's Motion to Compel (Dkt. 53) is **GRANTED IN PART AND DENIED IN PART.**

Dated: **December 20, 2013**

Honorable Candy W. Dale
United States Magistrate Judge